MILLS, Judge.
Robert and Johanna were married in 1957. They lived together as husband and wife until 1972 when the marriage was dissolved. The court awarded Johanna alimony of $350.00 a month.
Prior to her marriage to Robert, Johanna was married to George. This marriage was terminated by a final judgment of divorce in California. Thereafter, she married Charles. She filed suit for a divorce from him in California, but obtained only an interlocutory judgment of divorce. Charles obtained a final judgment of divorce in 1958.
At the time of her marriage to Robert, Johanna was still married to Charles. The evidence is conflicting as to whether she knew that she was still married to Charles. There is no evidence of fraud or intentional deception on her part. Robert did not learn that Johanna’s divorce from Charles did not become final until after he had married her, until several years after their marriage was dissolved. Upon learning this, he filed a petition for modification of the alimony award on the ground that their marriage was void. Therefore, he was not legally obligated to support her.
The court denied the petition on the grounds that the marriage was voidable, that no fraud or intentional deception was perpetrated on Robert, and that a common law marriage existed from the date of the final judgment of divorce obtained by Charles to the date the marriage between Robert and Johanna was dissolved.
Robert contends this was error. We do not agree.
A ceremonial marriage which is invalid because of an existing undissolved marriage which is unknown to one of them, absent fraud or deception by the other, becomes a presumptively valid common law marriage, if the impediment ceased to exist prior to the abolition of common law marriage in Florida, and if the parties continued to cohabit after dissolution of the prior marriage. Jones v. Jones, 119 Fla. 824, 161 So. 836 (1935). *337 Common law marriages were abolished in Florida effective 1 January 1968. Section 741.211, Florida Statutes. The findings of the court are supported by the record.
We affirm the order under attack.
BOYER, C. J., and McCORD, J., concur.